STATE OF MAINE                                     SUPERIOR COURT

                                                 CIVIL ACTION

YORK, ss.                                      DOCKET NO.     RE-10-234

SE PROPERTY HOLDINGS, LLC,
successor by merger to VISION BANK,

                 Plaintiff

v.                                    **DECISION AND JUDGMENT**
                                        (TITLE TO REAL ESTATE AFFECTED)

HENRY W. MACLIN, III, et al.,

                 Defendants

1.     THE PARTIES – The plaintiff SE Property Holdings, LLC is an Ohio Limited Liability Company located at 50 North Third Street, Newark, Ohio 43055. It was represented by Attorney Kurt E. Olafsen of Olafsen & Butterfield, LLC, 75 Pearl Street, Portland, Maine 04101. It is the successor through merger with Vision Bank.

The defendants are Henry W. Maclin, III and Heidi W. Maclin formerly of 148 Indian Bayou Drive in Destin, Florida. They were represented by Attorney David Ordway of Smith & Elliott, 199 Main Street, Saco, Maine 04072.

2.     THE DOCKET NUMBER – The docket number is RE-10-234.

3.     NOTICE – All parties have received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4.     THE REAL ESTATE – The property is located on Weymouth Avenue in Old Orchard Beach, Maine, and is described in a deed from Donald W. Pulsifer, Bruce C. Pulisfer and Jean Young of November 11, 2005 to Heidi W. Maclin and Henry Maclin. The deed is recorded at Book 14711, Page 112 of the York County Registry of Deeds.

5.    THE DISPUTE

Mr. Maclin was a Florida based real estate developer who in May of 2006 signed a note as the managing member of Villas Land, LLC for $3,600,000 borrowed from Vision Bank of Santa Rosa Beach, Florida. He also signed a continuing unlimited commercial guaranty, which personally obligated him to repay the loan. After the loan became due in May of 2007 Vision Bank extended the loan by three months with Mr. Maclin agreeing to the extension in both his personal and representative capacities. The loan was not paid and a notice of default dated September 13, 2007 was sent to Mr. Macklin and received on September 27, 2007. On November 1, 2007 Vision Bank filed suit against Villas Land, LLC, Mr. Maclin and other defendants in the Circuit Court in Walton County, Florida. Mr. Maclin was served on November 21, 2007.

On December 26, 2007 Mr. Maclin and his wife Heidi signed a quitclaim deed granting his interest as a joint tenant to her reserving a life estate for him. The deed was recorded at Book 15328, Page 24. It is this deed that is the focus of our suit. SE Property Holdings has acquired Vision Bank and is the owner of a Florida deficiency judgment against Mr. Maclin of over $4,700,000.

SE Property claims that the December 26, 2007 deed was fraudulent pursuant to both 14 M.R.S.A. §§3575 and 3576. It has proven its claim by clear and convincing evidence.

There was a "transfer" as defined by the Uniform Fraudulent Transfer Act (UFTA) 14 M.R.S. §3572(12) as Mr. Maclin deeded his fee interest as a joint tenant to his wife in return for a life estate. That transfer was fraudulent under three provisions of the UFTA. He started with something that had a significant market value and was left with an unmarketable life estate.

2

The transfer is fraudulent in three ways. First, the transfer was made with the actual intent to hinder, delay or defraud Vision Bank. *See* 14 M.R.S. §3575(1)(A). Mr. Maclin owed Vision Bank a huge sum and was attempting to protect his interest in his property in Maine by making it unavailable to creditors. The claim that he and his wife just wanted to make sure the property stayed in the family is true, but not in a benign way. He wanted it to stay in the family and not be seized by a creditor. The transfer was not done for estate planning purposes or any legitimate purpose. It was a brazen unsubtle attempt to defraud a creditor.

Second, he received no consideration for the transfer and his remaining assets were unreasonably small. *See* 14 M.R.S. §3575(1)(B)(1).

Third, he was insolvent or, at least became insolvent, when he deeded his fee interest to his wife for no consideration. *See* 14 M.R.S. §3576. The evidence is overwhelming that the December 26, 2007 deed was a fraudulent transfer.

6. THE REMEDIES

The only real issue in this case is what remedies are available to the plaintiff. The precise issue is whether the plaintiff can obtain a judgment voiding the transfer and a money judgment against Ms. Maclin. At first it appears that it can as 14 M.R.S. §3578(1)(A) provides that a creditor may obtain "… Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." Section 3579 states that a monetary judgment may be recovered against the "first transferee of the asset or the person for whose benefit the transfer was made." It appears initially that both remedies should be available as long as the plaintiff is not paid twice for its loss. However, Maine Comment number 2 to 14 M.R.S. §3579 states that "Subsection (2) provides that a defrauded creditor can recover a monetary judgment against the transferee of the fraudulently conveyed property in lieu of avoiding the transfer."

3

Also see the now repealed 14 M.R.S. §3155 and *Federal Deposit Insurance Corporation v. S. Prawer & Co.*, 829 F. Supp. 453, 456 (D.Me. 1993). I find that a remedy must be chosen and the plaintiff has expressed its preference if both remedies are unavailable.

I find by clear and convincing evidence that a transfer took place and that the transfer was fraudulent. The value of Mr. Maclin's one-half interest had been $291,000. His life estate in a one-half interest has no value.

The entry is:

Judgment for the plaintiff against the defendants on the complaint.

The quitclaim deed of December 26, 2007 recorded at Book 15328, Page 24 is void as a fraudulent transfer.

The plaintiff may levy execution on the property described in the deed of December 26, 2007 recorded at Book 15328, Page 24. Upon the recording of the judgment in the Registry of Deeds the plaintiff shall have a judgment lien in the amount of $4,708,496.34 against defendant Henry W. Maclin's interest in the property described in the deed recorded at Book 14711, Page 112.

The Clerk shall issue a writ of execution for $4,708,496.34 against Henry W. Maclin, III.

The plaintiff is authorized to levy execution on Mr. Maclin's interest by any means authorized by Maine law.

The plaintiff shall record an attested copy of this judgment and pay the appropriate recording fees.

Dated:        January 16, 2013

Paul A. Fritzsche
Justice, Superior Court

The applicable appeal period has expired without action or final judgment has been entered after remand following appeal.

Dated: _____          _____

                                                    Clerk

4

ATTORNEY FOR PLAINTIFF:
KURT E. OLAFSEN, ESQ.
OLAFSEN & BUTTERFIELD
75 PEARL STREET, SUITE 215
PORTLAND, ME 04101

BRIAN D. LEEBRICK, ESQ. (PRO HAC VICE)
BARRON & REDDING
220 MCKENZIE AVENUE
PANAMA CITY, FL 32401


DEFENDANT:
DAVID R. ORDWAY, ESQ.
SMITH ELLIOTT
199 MAIN STREET
PO BOX 1179
SACO, ME 04072

MATTHEW M. VILLMER, ESQ. (PRO HAC VICE)
EMMANUEL SHEPPARD & CONDON
30 S. SPRING STREET
PENSACOLA, FL 32502